UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JIM MENDEZ,

                              Plaintiff,

                -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, RAY KELLY AS COMMISSIONER OF
NEW YORK CITY POLICE DEPARTMENT[1],
DETECTIVE TIMOTHY NOLAN SHIELD # 5159 and
SARGENT AVILES TAX ID #921940 AND JOHN DOE
OFFICERS 1-10,

                              Defendants.

------------------------------------------------------------------- x

**ANSWER TO VERIFIED COMPLAINT ON BEHALF OF THE CITY OF NEW YORK AND RAYMOND KELLY**

08 CV 3872 (PKC) (DF)

JURY TRIAL DEMANDED

Defendants City of New York, New York and Raymond Kelly, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[2]

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein, and deny knowledge or information sufficient to for a belief as to the allegations concerning when plaintiff's criminal case was dismissed.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

---

[1] The police department is a non-suable entity.

[2] On information and belief, the individuals identified in the caption of the Complaint as Detective Timothy Nolan and Sergeant Aviles have not yet been served with the Complaint in this action, and therefore are not defendants at this time.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to proceed as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation and respectfully refer the Court to the New York City Charter and the Administrative Code.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a police department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Timothy Nolan is employed by the City of New York as a police detective.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Sergeant Aviles is employed by the City of New York.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint as it pertains to unidentified police officers.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Raymond Kelly is employed by the City of New York as the Commissioner of the New York City Police Department.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff purports to proceed as stated therein.

14. Paragraph "14" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required. To the extent a response is required, defendants deny the allegations.

15. Paragraph "15" of the complaint sets forth a jury demand to which no response is required.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "15" of this answer as if fully set forth herein.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff was arrested on November 25, 2006.

19. Deny the allegations set forth in paragraph "19" of the complaint, including all sub-parts.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the amount of time plaintiff was in custody.

22. Paragraph "22" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

23. Deny the allegations set forth in paragraph "23" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to unidentified officers.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "25" of this answer as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "32" of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint, including all sub-parts.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

44. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

45. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

46. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

47. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

48. There was probable cause for the plaintiff's arrest, detention, and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

49. Plaintiff may have failed to comply with the conditions precedent to suit.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

50. Commissioner Kelly has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

51. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

52. The New York City Police Department is not a sueable entity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

53. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

54. Commissioner Kelly had no personal involvement in the incident alleged in the Complaint.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims may be barred by the applicable Statute of Limitations.

**WHEREFORE,** defendants City of New York and Commissioner Kelly request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
             July 11, 2008

                                   MICHAEL A. CARDOZO
                                   Corporation Counsel of the
                                      City of New York
                                   *Attorney for Defendants City of New York and*
                                   *Commissioner Kelly*
                                   100 Church Street, Room 3-311
                                   New York, New York 10007
                                   (212) 788-0899

By: _____
                                   Stuart E. Jacobs (SJ 8379)
                                   Assistant Corporation Counsel

TO:    Jose A. Muniz (by ECF)
       Law Office of Jose A. Muniz, P.C.
       *Attorney for Plaintiff*
       305 Broadway
       Suite 200
       New York, New York 10007

Index No. 08 CV 3872 (PKC) (DF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIM MENDEZ,

                              Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAY KELLY AS COMMISSIONER OF NEW YORK CITY POLICE DEPARTMENT, DETECTIVE TIMOTHY NOLAN SHIELD # 5159 and SARGENT AVILES TAX ID #921940 AND JOHN DOE OFFICERS 1-10,

                              Defendants.

**ANSWER TO VERIFIED COMPLAINT ON BEHALF OF THE CITY OF NEW YORK AND RAY KELLY**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and Commissioner Kelly*
*100 Church Street Rm 3-311*
*New York, New York  10007*

*Of Counsel: Stuart E. Jacobs*
*Tel:  (212) 788-0899*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................, 2008 . . .*

*............................................................. Esq.*

*Attorney for..............................................*